UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 24-CR-105 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| ALBERTO ST. MARTIN LOPEZ, JR. (3), and TERRI LEE WIEDEMAN (4), | |
| Defendants. | |

Defendants Alberto St. Martin Lopez, Jr. and Terri Lee Wiedeman are each charged with one count of conspiracy to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Lopez moves to suppress evidence discovered during a search of his cellular phone. (ECF No. 85.) Wiedeman moves to suppress her statements and evidence discovered during a search of her residence and vehicle. (ECF Nos. 74–75.) In a Report and Recommendation, United States Magistrate Judge Leo I Brisbois recommends denying all three motions. (ECF No. 105 ("R&R").) Lopez objects to the recommendation to deny his motion, and Wiedeman objects to the recommendation to deny her motion to suppress evidence. (ECF Nos. 106–07.) The Court addresses each motion in turn.

## ANALYSIS

I. **Wiedeman's Motion to Suppress Statements**

Wiedeman does not object to the recommendation to deny as moot her motion to suppress statements, so the Court reviews it for clear error.[1] *See* 28 U.S.C. § 636(b); Fed. R. Crim. P. 59(b); *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001) (explaining that a criminal defendant's "failure to file any objections waived his right to *de novo* review by the district court of any portion of the report and recommendation" (citation omitted)). Finding no clear error, the Court accepts this recommendation and denies as moot Wiedeman's motion to suppress statements.

II. **Motions to Suppress Evidence[2]**

The Court reviews the portions of the R&R to which Wiedeman and Lopez object *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); D. Minn. LR 72.2(b)(3). Wiedeman and Lopez argue that the R&R erred in concluding that probable cause existed to issue the search warrants because the affidavits supporting the warrants failed to establish a nexus between the evidence "being sought in the warrant application" and the "place to be searched." *United States v. Keele*, 589 F.3d 940, 943 (8th Cir. 2009) (citation omitted).

---

[1] The government agrees not to use any of Wiedeman's statements against her in its case-in-chief. (ECF No. 91 at 15 n.5.)

[2] The Court incorporates the R&R's factual findings—to which no party objects—by reference. (R&R at 17–25.)

"The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978). A valid search warrant must be supported by probable cause. U.S. Const. amend. IV; *see also United States v. Gabrio*, 295 F.3d 880, 882 (8th Cir. 2002). "Probable cause exists when a practical, common-sense inquiry that considers the totality of the circumstances set forth in the information before the issuing judge yields a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Stevens*, 530 F.3d 714, 718 (8th Cir. 2008) (quotation marks and citation omitted).

"When the issuing judge relied solely upon the supporting affidavit to issue the warrant," as here, "only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005) (cleaned up, citation omitted). "The affidavit should be examined under a common sense approach and not in a hypertechnical fashion." *Id.* (quotation marks and citation omitted). Reviewing courts must accord "great deference" to the issuing judge's probable-cause determination. *Id.* (citing *United States v. Leon*, 468 U.S. 897, 914 (1984)). And reviewing courts must recognize that the issuing judge is entitled to "draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant." *United States v. Wallace*, 550 F.3d 729, 732 (8th Cir. 2008) (citation omitted).

### A.   *Wiedeman's Motion to Suppress Evidence*

Relying entirely on her previously submitted motion and argument, Wiedeman objects to the R&R's conclusion that Deputy Geoffrey Bakken's affidavit established the requisite nexus to her residence and vehicle to support a finding of probable cause to issue the February 27, 2024 search warrant. (ECF No. 106.) The Court has reviewed Deputy Bakken's affidavit, (ECF No. 91-1), and concludes that the totality of the facts in the warrant application established probable cause to issue the February 27 warrant to search Wiedeman's residence and vehicle for evidence of drug-related crimes. Wiedeman's objection is overruled.

### B.   *Lopez's Motion to Suppress Evidence*

Lopez objects to the R&R's conclusion that Detective Adam Torgerson's affidavit established the requisite nexus to his black Samsung smart cellular phone to support a finding of probable cause to issue the March 4, 2024 search warrant. (ECF No. 107.) The Court has reviewed Detective Torgerson's affidavit, (ECF No. 91-2), and concludes that the totality of the facts in the warrant application established probable cause to issue the March 4 warrant to search Lopez's cellular phone for evidence of drug-related crimes. This objection is overruled.

Finally, Lopez objects that the R&R wrongly applied the *Leon* good-faith exception. "Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement

4

officer has acted in good faith in conducting the search." *Leon*, 468 U.S. at 922 (cleaned up, citations omitted). Under the *Leon* good-faith exception, "the exclusionary rule should not be applied so as to bar the admission of 'evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate,' even if that search warrant is later held to be invalid." *United States v. Clay*, 646 F.3d 1124, 1127 (8th Cir. 2011) (citing *Leon*, 468 U.S. at 900, 922–23). The inquiry is "confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the [issuing judge's] authorization." *Id.* (citation omitted). If the affidavit were "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," an officer would not manifest objective good faith by executing the warrant. *Leon*, 468 U.S. at 923 (citation omitted).

Even if Lopez is correct that the issuing judge wrongly approved the search warrant, it was not so lacking in probable cause as to "render official belief in its existence entirely unreasonable." *Id.* (citation omitted). Given the facts, a reasonably well-trained officer would not have known that a search of Lopez's cellular phone was unconstitutional. The Court concludes that the *Leon* exception applies. Lopez's objection is overruled.

## CONCLUSION

Based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. Lopez's and Wiedeman's objections (ECF Nos. 106–07) are OVERRULED;

2. The Report and Recommendation (ECF No. 105) is ACCEPTED;

3. Wiedeman's Motion to Suppress Any Statements Made by Defendant (ECF No. 75) is DENIED AS MOOT;

4. Wiedeman's Motion to Suppress Any Evidence Obtained as a Result of Any Illegal Searches (ECF No. 74) is DENIED; and

5. Lopez's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (ECF No. 85) is DENIED.

Dated: October 31, 2024                         BY THE COURT:

                                                s/Nancy E. Brasel
                                                Nancy E. Brasel
                                                United States District Judge